UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| BILL GENE EGBERT and REBECCA ANN EGBERT, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CAUSE NO: 3:23-cv-00026- RLY- CSW ) |
| BWXT NUCLEAR OPERATIONS GROUP, INC., | ) ) ) |
| Defendant. | ) ) |
| BWXT NUCLEAR OPERATIONS GROUP, INC., | ) ) ) |
| Third Party Plaintiff, | ) ) |
| vs. | ) ) |
| FIVES MACHINING SYSTEMS, INC. | ) ) |
| Third Party Defendant. | ) |

**BWXT NUCLEAR OPERATIONS GROUP, INC.'S
AMENDED THIRD PARTY COMPLAINT AGAINST FIVES MACHINING SYSTEMS,
INC. AND DEMAND FOR JURY TRIAL**

Comes now, Third Party Plaintiff, BWXT Nuclear Operations Group, Inc. (hereinafter "BWXT"), by counsel, and for its Amended Third Party Complaint against Third Party Defendant, Fives Machining Systems, Inc. (hereinafter "Fives"), alleges and states as follows:

**Jurisdiction and Venue**

1.    At all times relevant hereto, BWXT was a for-profit corporation incorporated in the State of Delaware with its principal place of business located at 2016 Mount Athos Road, Lynchburg, VA 24504.

2.    Fives is a for-profit corporation incorporated in the State of Delaware with its

601426    1

principal place of business located at 2200 Litton Lane, Hebron, KY 41048. At all relevant times herein, Fives was doing business in the State of Indiana, and more particularly Posey County, Indiana.

3. This Third Party Complaint arises from the alleged injuries that occurred when Bill Gene Egbert allegedly slipped and fell in a chip conveyor pit located in the Project Site (as defined in paragraph 16) controlled by Fives at the BWXT facility located at 1400 Old Highway 69 South, Mount Vernon, IN 47620.

4. BWXT brings this action for claims including, but not limited to, breach of contract, contractual indemnity, common law indemnity, and negligence against Fives in connection with Plaintiffs' alleged claims, and an action for a declaratory judgment to obtain judgment finding that Fives has an obligation to indemnify and hold BWXT harmless in connection with Plaintiffs' claims pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 *et seq.*, N.Y. C.P.L.R. § 3001, and/or Ind. Code § 34-14-1-2.

5. This Court has ancillary jurisdiction because this Third Party Complaint is incidental, substantially related, and bears a logical relationship to the aggregate core of operative facts related to Plaintiffs' claims, which are properly before this Court based on diversity jurisdiction pursuant to 28 U.S.C. §1332.

6. Venue is proper under 28 U.S.C. § 1391 as a substantial part of the alleged events or omissions giving rise to the Plaintiffs' claims and this Third Party Complaint occurred in this District in Posey County, Indiana.

**Facts Common to All Counts**

7. On or about January 16, 2023, the Plaintiffs, Bill Gene Egbert and Rebecca Ann Egbert (hereafter collectively referred to as "Egberts"), filed their Complaint for Damages and Jury Demand against Defendant, BWXT.

8. On or about January 26, 2023, the Egberts filed their Amended Complaint For Damages and Jury Demand ("Amended Complaint") against Defendant, BWXT. A copy of Plaintiffs' Amended Complaint is attached hereto as Exhibit A and is made a part hereof.

9. In the Amended Complaint, the Egberts allege that on or about June 15, 2022, Plaintiff Bill Egbert was an employee of Fives and sustained injuries while performing work on Fives project at the BWXT facility located at 1400 Old Highway 69 South, Mount Vernon, IN 47620 (hereinafter "BWXT Facility") when he slipped and fell. The Amended Complaint alleges, in part, as follows:

> 6. At all relevant times, BWXT contracted with Fives Machining Systems, Inc. to rebuild and install new software in a large metal cutting machine (horizontal boring machine) (hereinafter referred to as the "PROJECT") located at 1400 Old Highway 69 South, Mount Vernon, IN 47620 (hereinafter referred to as the "PREMISES").
>
> 7. On June 15, 2022, Plaintiff, Bill Gene Egbert ("BILLY"), was in the course and scope of his employment with Fives Machining Systems, Inc. (hereinafter "FIVES") as a field Service Engineer, and was performing work on the PREMISES.
>
> 8. While on the PREMISES, BILLY was engaged in work activities which were inherently dangerous and which were likely to cause injury unless due precautions were taken.
>
> 9. On or about June 15, 2022, BILLY was working on the PREMISES when he slipped and fell on an oily surface causing him to fall into a chip conveyor pit causing severe injuries.
>
> 10. At the time of the subject accident on June 15, 2022, the Defendant had removed the 3-foot scaffolding that would have provided BILLY a safe walkway to access the area where he needed to work thereby putting BILLY in an unsafe position.

10. BWXT denies any liability for the claims asserted in the Amended Complaint.

11. On or about June 29, 2017, a Purchase Order (hereinafter "Contract") was entered into by BWXT and Fives whereby Fives was to provide parts and perform work and services on

601426                                3

a horizontal boring machine, the G&L 825 control upgrade project, located at the BWXT Facility (hereinafter "Project"). A true and accurate copy of the Contract is attached hereto as Exhibit B and made a part hereof.

12.     Pursuant to paragraph 4.1 of the Contract, BWXT is entitled to be indemnified and held harmless by Fives for all damages, liabilities, claims, losses for personal injury against BWXT and expenses (including attorney's fees) incurred by BWXT in defending the claims asserted by the Egberts. Said Contract states, in relevant part, as follows:

> [Fives] shall indemnify and hold harmless [BWXT] against all third party claims damages, liabilities, claims, losses, expenses (including attorney's fees) for personal injury or death arising out of, or resulting in any way from, any defect in the goods or services purchased hereunder or from any negligent or willful act or omission of [Fives], its agents, employees, or sub-contractors.

13.     Paragraph 4.2 of the Contract requires Fives to maintain Commercial General Liability insurance, including blanket contractual, contractor's liability, and protective liability for personal injuries such as the injuries claimed by the Egberts. Said Contract states, in relevant part, as follows:

> [Fives] shall maintain, such Commercial General Liability insurance (including products liability, completed operations, contractors' liability and protective liability), Automobile Liability insurance (including non-owned automobile liability, Workers' compensation and Employers' Liability insurance as listed below. [Fives] agrees to submit certificates of insurance evidencing its insurance coverage when requested by [BWXT].
>
> Minimum Insurance Requirements:
>
> 1) Workman's Compensation and Occupational Disease – statutory
> 2) Employer's Liability – minimum $1,000,000 per person
> 3) Commercial General Liability – including blanket contractual, contractor's liability and protective liability and where applicable (hazardous) products liability and/or completed operations.
> 4) Automobile Liability including owned, non-owned, and

        hired automobile liability.

        Minimum coverage for 3 and 4 above:

        Personal injury:
        $1,000,000 per person (minimum)
        $5,000,000 per occurrence (minimum)

14.     BWXT has made written demands for Fives to honor its obligations to indemnify BWXT and hold BWXT harmless, but Fives failed and refused to honor its obligations.

15.     Paragraph 25.2 of the Contract provides that Fives had a duty and obligation of providing necessary safety equipment, and for enforcing such government laws, rules, and regulations as they apply to Fives' employees and visitors and those of Fives' subcontractors, and taking reasonable precautions for the safety of all Fives' employees and other persons whom the work might affect. Said contract states, in relevant part, as follows:

> The employees and visitors of [Fives] and its subcontractors shall observe and comply with all safety rules established by [BWXT], applicable ordinances, rules and regulations of the occupational safety and health act and all other applicable laws, rules and regulations. [Fives] has the duty of providing necessary safety equipment and for enforcing such government laws, rules and regulations as they apply to [Fives'] employees and visitors and those of [Fives'] subcontractors. [Fives] shall take reasonable precautions for the safety of all [Fives'] employees and other persons whom the work might affect. Failure of [Fives], [Fives'] employees, visitors, or employees or visitors of [Fives'] subcontractors to comply with the above can result in the expulsion of the employees or visitors from [BWXT's] premises and [BWXT] shall have the right, without cost, penalty or obligation, to prohibit [Fives] or [Fives'] subcontractors from continuing work on the project until proper measures are taken to correct such unsafe conditions. If any complaints or citations are received from a governmental agency regarding unsafe conditions or violations in [Fives'] work, such conditions shall be immediately corrected by [Fives]. Failure of [BWXT] to object or bring to the attention of [Fives] any known or suspected unsafe conditions shall not relieve [Fives] of [Fives] obligations set forth above.

16.     The horizontal boring machine that is the subject of the Project sits in a pit with

balcony-like railing installed along the entire perimeter edge of the pit to isolate the machine work area, to prevent accidental falls, and to prevent anyone from entering the pit, and, therefore, the balcony-like railing secluded the Project from all other areas of the BWXT Facility ("Project Site").

17. Fives failed to employ or provide any employees, independent contractors, subcontractors, and/or representatives who were responsible for job site safety and/or who served the function of a safety person and/or an accident prevention person for the Project or Project Site.

18. Fives failed to comply with and/or enforce government laws, rules, and regulations, including but not limited to 29 U.S.C. § 654 as it pertained to the Project and Project Site. Additionally, Fives failed to establish and/or implement hazard prevention and control plans and/or hazard identification and assessment plans or to investigate safety hazards for the work being performed on the Project and at the Project Site.

19. Fives began performing its work and services related to the Project on or about August 3, 2021 and controlled the Project Site through the time of the accident.

20. BWXT did not operate the horizontal boring machine from August 3, 2021 through completion of the Project. The Project was not completed until after Mr. Egbert's alleged injury.

21. Fives had the authority to direct, supervise, and control the work performed on the Project and during the entire duration of the Project. Therefore, Fives controlled access to as well as the manner and/or means of the work performed at the Project Site where Mr. Egbert was allegedly injured.

22. Any oil which Mr. Egbert allegedly slipped on was within the Project Site and/or was a result of Fives' work and/or services provided by Fives on the Project and was subject to

Fives duty to maintain a safe workplace for its employees.

23. At the onset of the Project, which required partial disassembly of the horizontal boring machine, Fives removed plates from the horizontal boring machine prior to low-level scaffolding being constructed to cover the machine's chip conveyor.

24. Prior to Bill Egberts alleged injury, Fives made the decision to have the low-level scaffolding removed from the Project Site so that the horizontal boring machine's components could be reinstalled and so that Fives could complete its work on the Project.

25. The low-level scaffolding was removed by Sterling Industrial f/k/a Skanska Industrial.

26. Assuming, arguendo, that the removal of the low-level scaffolding put Mr. Egbert in an unsafe potion, Fives made the decision to remove the low-level scaffolding and is responsible for removing the low-level scaffolding and providing a safe work environment for its employees at the Project Site.

27. Assuming, arguendo, Bill Egbert was engaged in work activities at the Project Site which were inherently dangerous and which were likely to cause injury unless due precautions were taken, Fives controlled the manner and/or means of the work performed at the Project Site and was responsible for Bill Egbert's safety at the Project Site, which it controlled.

### Count I – Breach of Contract

28. BWXT realleges and hereby incorporates by reference all of the preceding paragraphs of its Amended Third Party Complaint as though the same were fully set forth herein.

29. BWXT denies any liability for the claims asserted in the Amended Complaint.

30. Assuming, arguendo, that Plaintiff Bill Egbert was injured and sustained damages working on the Project, then Fives is liable to BWXT for any and all damages claimed by Egberts.

31. BWXT and Fives entered into the Contract on or about June 29, 2017 whereby Fives was to complete the Project, and to perform and satisfy all terms and conditions of the Contract.

32. Despite Fives agreeing under the Contract to indemnify and hold BWXT harmless from the claims asserted by the Egberts, Fives has failed to honor and satisfy its obligations to indemnify BWXT and hold BWXT harmless in breach of the Contract.

33. Despite Fives agreeing to provide necessary safety equipment, to enforce such government laws, rules, and regulations as they apply to Fives' employees and visitors and those of Fives' subcontractors, and to take reasonable precautions for the safety of all Fives' employees and other persons whom the work might affect, Fives, arguendo, failed to do so or defectively performed those safety services in breach of the Contract.

34. As a result of Fives breaches of the Contract, BWXT has suffered damages, and will continue to sustain damages, including attorney's fees, to defend the Egberts' alleged claims.

WHEREFORE, Third Party Plaintiff, BWXT, prays that the Court find in favor of the Third Party Plaintiff, BWXT, and against the Third Party Defendant, Fives, in an amount sufficient to compensate BWXT for its damages, reasonable attorneys fees and expenses, plus pre-judgment interest, costs and post-judgment interest, and for all other relief as is just and proper.

### Count II – Common Law Indemnity

35. BWXT realleges and hereby incorporates by reference all of the preceding paragraphs of its Amended Third Party Complaint as though the same were fully set forth herein.

36. BWXT denies any liability for the claims asserted in the Amended Complaint.

37. Assuming, arguendo, that Plaintiff Bill Egbert was injured and sustained damages

working on the Project, Fives implicitly agreed to indemnify BWXT from the claims asserted by the Egberts, and Fives has failed to honor its obligations to indemnify and hold harmless BWXT.

38.     BWXT was not negligent in any way which relates to Mr. Egbert's claimed injury.

39.     Assuming, arguendo, that Fives' or Fives' contractors' negligence caused the accident Mr. Egbert alleges, Five's acts or omissions, including but not limited to failing to provide necessary safety equipment, failing to enforce government laws, rules, and regulations as they apply to Mr. Egbert, and/or failing to take reasonable precautions for the safety of Mr. Egbert, caused the accident Mr. Egbert alleges; or, even in the absence of any negligence, Fives had the authority to direct, supervise, and control the work giving rise to Mr. Egbert's Injury and/or its willful act or omission in failing to provide necessary safety equipment, failing to enforce government laws, rules, and regulations as they apply to Mr. Egbert, and/or failing to take reasonable precautions for the safety of Bill Egbert was committed with actual knowledge of the natural and probable consequence resulting therefrom.

40.     Assuming, arguendo, that Plaintiff Bill Egbert was injured and sustained damages working on the Project, then Fives is liable to BWXT for any and all damages claimed by the Egberts.

41.     BWXT has suffered damages, and will continue to sustain damages, including attorney's fees and expenses to defend the Egberts' alleged claims as a result of Fives acts and/or omissions, and Fives is required to indemnify BWXT and hold BWXT harmless.

WHEREFORE, Third Party Plaintiff, BWXT, by counsel, requests that the Court find in favor of the Third Party Plaintiff, BWXT, and against the Third Party Defendant, Fives, in an amount sufficient to compensate BWXT for its damages, reasonable attorneys fees and expenses, plus pre-judgment interest, costs and post-judgment interest, and for all other relief as is just and

proper.

### Count III – Negligence

42. BWXT realleges and hereby incorporates by reference all of the preceding paragraphs of their Third Party Complaint as though the same were fully set forth herein.

43. BWXT denies any liability for the claims asserted in the Amended Complaint.

44. Fives owed a duty to BWXT to perform the work and/or services on the Project skillfully, carefully, diligently, and in a workmanlike manner.

45. Assuming, arguendo, that Plaintiff Bill Egbert was injured and sustained damages working on the Project, Fives failed to perform its work and/or services on the Project carefully and diligently by spilling oil at the Project Site and/or failing to clean up oil at the Project Site, by deciding to remove the low-level scaffolding at the Project Site, and by failing to identify and take actions to prevent recognized worksite hazards, all which allegedly caused Plaintiff Bill Egert's accident.

46. Fives' negligent acts and/or omissions proximately caused BWXT to suffer damages, including attorney's fees and expenses to defend the Egberts' alleged claims as a result of Fives negligent acts and/or omissions.

WHEREFORE, Third Party Plaintiff, BWXT, by counsel, requests that the Court find in favor of the Third Party Plaintiff, BWXT, and against the Third Party Defendant, Fives, in an amount sufficient to compensate BWXT for its damages, reasonable attorneys fees and expenses, plus pre-judgment interest, costs and post-judgment interest, and for all other relief as is just and proper.

### Count IV – Declaratory Judgment

47. BWXT realleges and hereby incorporates by reference all of the preceding paragraphs of its Amended Third Party Complaint as though the same were fully set forth herein.

48.     This Count III is an action brought for declaratory judgment, pursuant to Trial Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 et seq., N.Y. C.P.L.R. § 3001, and/or Ind. Code § 34-14-1-2 and for breach of the Contract and/or common law indemnity.

49.     BWXT brings this Count III for declaratory judgment seeking a declaration that Fives is obligated to indemnify and hold BWXT harmless for all damages, liabilities, claims, losses and expenses (including attorney's fees) incurred by BWXT as it relates to the Egberts claims alleged in the Amended Complaint, and for Egberts alleged injuries and damages sustained while Plaintiff Bill Egbert was working on the Project.

50.     BWXT and Fives entered into the Contract on or about June 29, 2017 whereby Fives was to complete the Project, pursuant to the provisions, terms, and conditions of the Contract.

51.     BWXT denies any liability for the claims asserted in the Amended Complaint, assuming arguendo that Plaintiff Bill Egbert was injured and sustained damages working on the Project, then Fives is liable to BWXT for any and all damages claimed by Egberts.

52.     Despite Fives expressly agreeing by contract and/or implying at common law to indemnify and hold BWXT harmless from the claims asserted by the Egberts, Fives has failed to honor and satisfy its obligations to indemnify BWXT and hold BWXT harmless.

53.     Despite Fives agreeing to provide necessary safety equipment, enforcing such government laws, rules, and regulations as they apply to Fives' employees and visitors and those of Fives' subcontractors, and taking reasonable precautions for the safety of all Fives' employees and other persons whom the work might affect, Fives, arguendo, failed to do so.

54.     Assuming, arguendo, that Fives' and/or its employees, contractors, agents, and/or representatives negligence caused the accident, injuries, and damages Egberts allege, Fives' acts

or omissions, including but not limited to failing to provide necessary safety equipment, failing to enforce government laws, rules, and regulations as they apply to Bill Egbert, and/or failing to take reasonable precautions for the safety of Bill Egbert, caused the accident Egberts allege; or, even in the absence of any negligence, Fives had the authority to direct, supervise, and control the work area and the work giving rise to Bill Egbert's injury.

55. BWXT has performed and satisfied all acts necessary under the Contract prior to the filing of this Third Party Complaint. All conditions precedent to Fives' performance have been satisfied or performed by BWXT or its performance is waived or excused by the conduct of Fives by operation of law.

56. BWXT is the subject of litigation for damages brought by Plaintiffs in the underlying lawsuit arising from Mr. Egbert's alleged occurrence on or about June 15, 2022.

57. BWXT has suffered damages, and will continue to sustain damages, including attorney's fees and expenses to defend the Egberts' alleged claims as a result of Fives breach of contract and Fives' acts and/or omissions, and Fives is obligated and required to indemnify and hold BWXT harmless.

58. Under the Contract and/or by common law, Fives has a duty to pay all damages, liabilities, claims, losses and expenses (including attorney's fees) incurred by BWXT as it relates to the Egberts claims alleged in the Amended Complaint, including any settlements and/or judgments in the underlying lawsuit brought by Plaintiffs.

59. Despite demands from BWXT, Fives has failed or refused to acknowledge, accept, or undertake its obligations to pay or reimburse in full its legal liabilities owed to BWXT, including all damages, liabilities, claims, losses and expenses (including attorney's fees) incurred by BWXT as it relates to the Egberts claims alleged in the Amended Complaint

60. An actual, substantial, legal controversy now exists between BWXT and Fives

related to Fives obligations under the Contract, including providing the necessary safety to its employees and indemnifying and holding BWXT harmless, and BWXT seeks judicial declaration of its rights and interests regarding the Contract.

61. BWXT seeks a declaration that it is entitled to be indemnified and held harmless by Fives for all damages, liabilities, claims, losses and expenses (including attorney's fees) incurred by BWXT as it relates to the Egberts claims.

WHEREFORE, Third Party Plaintiff, BWXT, by counsel, prays that the Court:

(a) enter judgment declaring that BWXT is entitled to be indemnified and held harmless by Fives for all damages, liabilities, claims, losses and expenses (including attorney's fees) incurred by BWXT as it relates to the Egberts claims;

(b) enter judgment declaring that Fives has a duty to reimburse and pay any and all sums for which BWXT may be liable with regard to the Egberts' claims;

(c) an award of all cost and attorney fees allowed by law; and

(d) for other and additional relief allowed by law and equity that the Court deems appropriate and just.

Respectfully submitted,

KAHN, DEES, DONOVAN & KAHN, LLP

By: */s/ Jeffrey W. Ahlers*
    Jeffrey W. Ahlers, #11503-64

By: */s/ Brandon T. Curl*
    Brandon T. Curl, #37392-82
    KAHN, DEES, DONOVAN & KAHN, LLP
    501 Main Street, Suite 305
    Post Office Box 3646
    Evansville, Indiana 47735-3646
    Telephone: (812) 423-3183
    Facsimile: (812) 423-3841
    E-mail: jahlers@kddk.com
           bcurl@kddk.com

*Attorneys for Defendant/Third Party Plaintiff, BWXT Nuclear Operations Group, Inc.*

## REQUEST FOR JURY TRIAL

Comes now Third Party Plaintiff, BWXT Nuclear Operations Group, Inc., by counsel, and respectfully requests a trial by jury on all issues and causes of action so triable as a matter of right in the above-captioned cause.

Respectfully submitted,

KAHN, DEES, DONOVAN & KAHN, LLP

By: */s/ Jeffrey W. Ahlers*
    Jeffrey W. Ahlers, #11503-64

By: */s/ Brandon T. Curl*
    KAHN, DEES, DONOVAN & KAHN, LLP
    501 Main Street, Suite 305
    Post Office Box 3646
    Evansville, Indiana 47735-3646
    Telephone: (812) 423-3183
    Telecopier: (812) 423-6066
    E-mail: jahlers@kddk.com
           bcurl@kddk.com

*Attorney for Defendant/Third Party Plaintiff, BWXT Nuclear Operations Group, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 9th day of November 2023, I electronically filed and served the foregoing using the CM/ECF filing system on the following:

Timothy Francis Devereux
tdevereux@WagnerReese.com

Alastair J. Warr, Esq.
Alastair.Warr@fisherbroyles.com

David G. Kern, Esq.
David.kern@fisherbroyles.com

              */s/ Jeffrey W. Ahlers*
              Jeffrey W. Ahlers